```
                    IN THE UNITED STATES DISTRICT COURT
                      FOR THE DISTRICT OF PUERTO RICO

CHARLES PALMER,                   *
                                  *
        Plaintiff,                *
                                  *
v.                                *      CIVIL NO. 98-2094 (JP)
                                  *
RADISSON HOTELS INTERNATIONAL,    *
INC., et al.,                     *
                                  *
        Defendants                *
                                  *
```

### ORDER

The Court met with the parties on January 26, 2000 for a Status Conference to discuss the scheduling of the medical examinations of Plaintiff Charles Palmer ("Palmer") as well as the pre-trial and trial dates.

At the Initial Scheduling Conference, held on April 7, 1999, the parties were aware of and agreed to the dates of August 2, 1999 and August 3, 1999 to have the Defendants' medical experts perform a physical examination of Palmer. The Defendants' doctors did not examine Palmer on said dates, and the Court was informed that Palmer thereafter suffered an unrelated injury. According to Palmer's physician's statement, submitted with Plaintiff's motion to change the pre-trial and trial dates, Palmer would recuperate from that unrelated injury and be available to travel to Puerto Rico for a physical examination as of December 6, 1999. Based on this statement, and without opposition from Defendants, the Court, on October 28, 1999, issued an Order rescheduling the pre-trial from December 15, 1999 to February 24, 2000 and the trial from

CIVIL NO. 98-2094 (JP)                              2

January 4, 2000 to March 8, 2000. This adjustment in the trial schedule was designed to accommodate Palmer's two-month period of recuperation without prejudice to either party.

The parties have been fully cognizant of the revised case schedule for nearly three months and had more than enough time to conduct such discovery to prepare for trial. Nonetheless, the parties did nothing in October or November 1999 to make arrangements to have the medical examinations take place in the first part of December. Now, after nearly two months have passed since Palmer's physician indicated Palmer would be available, and less than one month before the pre-trial conference, the parties press the Court to suspend the trial date once again because they need time to conduct the medical examinations and have their doctors prepare their experts reports.

The purpose of the Initial Scheduling Conference and Order is to streamline litigation and reduce the cost and delay that is so frequently a part of federal court litigation. These goals were envisioned by Congress when it enacted the Civil Justice Reform Act, and this Court furthers these goals with its own case management system. When parties deviate from the ISC Order, they do so at their own risk. Failure to adhere to the case schedule agreed to at the ISC frustrates the Court's case management system. The Court will not ratify the parties' actions by indulging them

CIVIL NO. 98-2094 (JP)                3

with more time to perform the medical examinations than that dictated by the Court in its Order of January 24, 2000 or with more time to prepare for trial than that dictated in the Court's Order of October 28, 1999.

The parties' cavalier attitude displayed in today's Conference is precisely that which leads to an increase in cost and delay, particularly when Courts succumb to the temptation of pleasing the attorneys. This is precisely what is happening in some jurisdictions where the increase in the cost and time of litigation is rampant and out of hand. It is clear that what moved Congress to enact the Civil Justice Reform Act were the demands of the people, not of lawyers or judges, for swifter justice. Unnecessary cost and delay in litigation is detrimental to people of the community as a whole and litigants in particular. Because this litigation over a slip-and-fall injury has already spanned nearly one year and four months, the Court will not, in the interests of justice and efficiency, grant any further extensions of time.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 26 day of January, 2000

_____
JAIME PIERAS, JR.
U.S. SENIOR DISTRICT JUDGE